| AO 10<br>Rev. 1/2010 | FINANCIAL DISCLOSURE REPORT<br>FOR CALENDAR YEAR 2009 | *Report Required by the Ethics<br>in Government Act of 1978<br>(5 U.S.C. app. §§ 101-111)* |
|---|---|---|

| 1. Person Reporting (last name, first, middle initial)<br><br>Cabranes, Jose A. | 2. Court or Organization<br><br>U.S. Court of Appeals - 2d Cir | 3. Date of Report<br><br>05/13/2010 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>U.S. Circuit Judge (Active) | 5a. Report Type (check appropriate type)<br><br>☐ Nomination,    Date<br>☐ Initial   ☑ Annual   ☐ Final<br><br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2009<br>to<br>12/31/2009 |
| 7. Chambers or Office Address<br><br>U.S. Courthouse<br>141 Church Street<br>New Haven, CT 06510 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer_____ _____ _____ _____ Date_____ _____ | |

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐   NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. See "Attachment A" hereto | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑   NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

Cabranes, Jose A.

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 05/13/2010 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

[✓] NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

[ ] NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | 2009 | University of Chicago Press (Royalties) |
| 2. | 2009 | Thomson-West (Royalties) |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

[ ] NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | See "Attachment B" hereto | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 05/13/2010 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐ NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | The Quinnipiack Club, New Haven, CT | Lunch (at my own expense) privilege | |
| 2. | See "Attachment C" attached hereto | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑ NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 05/13/2010 |

## VII. INVESTMENTS and TRUSTS – income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent. or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Fidelity Asset Manager | B | Dividend | L | T | | | | | |
| 2. CT Higher Education Trust | | None | J | T | | | | | |
| 3. CT Higher Education Trust | | None | L | T | | | | | |
| 4. Citizens Bank accounts | L | Interest | M | I | | | | | |
| 5. Vanguard Money Market Account | A | Interest | | | Sold | 01/05/09 | M | A | Redemption |
| 6. Vanguard Money Market Account | A | Interest | | | Sold | 02/02/09 | K | A | Redemption |
| 7. Vanguard Money Market Fund | A | Interest | | | Sold | 04/30/09 | J | A | Redemption |
| 8. Chase CD | C | Interest | M | T | | | | | |
| 9. Evergreen Serv. Co. | A | Dividend | J | T | | | | | |
| 10. Macy's, f/k/a Federated Department Stores, f/k/a May Depart. | A | Dividend | | | Sold | 10/13/09 | K | | |
| 11. WYE Wyeth | A | Dividend | | | Sold | 01/23/09 | J | | |
| 12. TIAA-CREF Annuity (vested) | C | Dividend | J | T | | | | | |
| 13. TIAA-CREF Pension | | None | P1 | T | | | | | |
| 14. TIAA-CREF IRA | | None | K | T | | | | | |
| 15. Hartford Life & Annuity Ins. Co. (variable life ins. policy) | | None | K | T | | | | | |
| 16. Nuveen MS Active Assets Tax-Free Trust | A | Interest | J | T | | | | | |
| 17. NPI Nuveen Premium INC MUN FD | C | Interest | K | T | | | | | |

1. Income Gain Codes     A =$1,000 or less     B =$1,001 - $2,500     C =$2,501 - $5,000     D =$5,001 - $15,000     E =$15,001 - $50,000
   (See Columns B1 and D4)     F =$50,001 - $100,000     G =$100,001 - $1,000,000     H1 =$1,000,001 - $5,000,000     H2 =More than $5,000,000
2. Value Codes     J =$15,000 or less     K =$15,001 - $50,000     L =$50,001 - $100,000     M =$100,001 - $250,000
   (See Columns C1 and D3)     N =$250,001 - $500,000     O =$500,001 - $1,000,000     P1 =$1,000,001 - $5,000,000     P2 =$5,000,001 - $25,000,000
   P3 =$25,000,001 - $50,000,000     P4 =More than $50,000,000
3. Value Method Codes     Q =Appraisal     R =Cost (Real Estate Only)     S =Assessment     T =Cash Market
   (See Column C2)     U =Book Value     V =Other     W =Estimated

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 05/13/2010 |

## VII. INVESTMENTS and TRUSTS _– Income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing Instructions.)_

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18. Nuveen Conn DVD ADV MUNI | D | Interest | M | T | | | | | |
| 19. PBCT People's United Financial Inc. | B | Dividend | K | T | | | | | |
| 20. See "Attachment D" hereto | | | | | | | | | |

1. Income Gain Codes
   (See Columns B1 and D4)
2. Value Codes
   (See Columns C1 and D3)
3. Value Method Codes
   (See Column C2)

A =$1,000 or less
F =$50,001 - $100,000
J =$15,000 or less
N =$250,001 - $500,000
P3 =$25,000,001 - $50,000,000
Q =Appraisal
U =Book Value

B =$1,001 - $2,500
G =$100,001 - $1,000,000
K =$15,001 - $50,000
O =$500,001 - $1,000,000

R =Cost (Real Estate Only)
V =Other

C =$2,501 - $5,000
H1 =$1,000,001 - $5,000,000
L =$50,001 - $100,000
P1 =$1,000,001 - $5,000,000
P4 =More than $50,000,000
S =Assessment
W =Estimated

D =$5,001 - $15,000
H2 =More than $5,000,000
M =$100,001 - $250,000
P2 =$5,000,001 - $25,000,000

T =Cash Market

E =$15,001 - $50,000

| Name of Person Reporting | Date of Report |
|---|---|
| Cabranes, Jose A. | 05/13/2010 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

See "Attachment D"

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFI........ ......... .. ...... ...... ... ..... . .... ... .. . ...:CT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

---

### FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

José A. Cabranes
U.S. Circuit Judge (Second Circuit)
May 13, 2010


FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2009


ATTACHMENT A

I.    Positions

Trustee of Columbia University, New York, NY

Trustee of the William Nelson Cromwell Foundation, New York, NY

Member of the Academic Advisory Committee of the Institute for Constitutional Studies, The
     George Washington University, Washington, DC



Note:  No income of any kind was derived from any of the "positions" or services or activities noted in this
     Attachment A.

José A. Cabranes
U.S. Circuit Judge (Second Circuit)
May 13, 2010

## FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2009

## ATTACHMENT B - Page 1

IV.    Reimbursements - transportation, lodging, food, entertainment:

| Source | Description |
|--------|-------------|
| 1. Federal Bar Council<br>New York, NY | Meals, cost of transportation to/from Cabo San Lucas, Mexico, ground transportation and lodging for me and ⎺⎺⎺⎺⎺�GREDACTED⎺⎺⎺ (a Professor of Law at Yale) in connection with participation by each of us, in our respective individual capacities, in academic programs of the FBC's annual Winter Bench and Bar Conference.<br><br>February 14-21, 2009 |
| 2. Columbia University<br>New York, NY | Meals, and the cost of transportation to and from New York in connection with my duties as a Columbia trustee at each of the following meetings of the Board of Trustees or its committees in New York:<br><br>March 13, 2009<br>October 9-10, 2009<br>June 12, 2009<br>December 11-12, 2009 |
| 3. University of Illinois Law School<br>Urbana-Champaign, IL | Meals, the cost of transportation to/from Urbana-Champaign, IL, ground transportation and lodging in connection with judging a moot court.<br><br>April 7 -8, 2009 |
| 4. Duke Law School<br>Durham, NC | Meals, the cost of transportation to/from Raleigh-Durham, N.C., ground transportation and lodging for me and ⎺⎺⎺⎺⎺ (a Professor of Law at Yale), in connection with participation by each of us in an academic conference on empirical research in the law.<br><br>September 19-21, 2009 |
| 5. Jewish Home for the Elderly<br>of Fairfield County<br>Stamford, CT | One meal at a dinner in connection with remarks at presentation of the organization's Public Service Award to a judicial colleague.<br><br>October 29, 2009 |

José A. Cabranes
U.S. Circuit Judge (Second Circuit)
May 13, 2010

FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2009

ATTACHMENT B - Page 2

IV.     Reimbursements - transportation, lodging, food, entertainment:

Source                          Description


6. William Nelson Cromwell          One meal and the cost of transportation to/from the annual meeting
   Foundation                       of the trustees of the William Nelson Cromwell Foundation, held in
   New York, NY                     New York, NY

                                    November 10, 2009

7. Yale University                  As a member of the Yale community (          ) of a tenured faculty member
   New Haven, CT                    and as a former University trustee), meals and refreshments from time to time
                                    over the course of the academic year, in connection with attendance at, and
                                    participation in, varied University academic and social functions.

José A. Cabranes
U.S. Circuit Judge (Second Circuit)
May 13, 2010

FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2009

ATTACHMENT C

V. Gifts

For some months in 2009, and for many years since I became a federal judge in December 1979, I benefitted from the opportunity afforded by The Quinnipiack Club of New Haven, Connecticut ("Club") to state and federal judges who work in New Haven, and to the Mayor of the City of New Haven, to have lunch at the Club at their own expense.

In Pub. L. No. 110-402, Section 2, 122 Stat. 4255 (Oct. 13, 2008), Congress enacted legislation prohibiting a judicial officer from accepting a gift of an honorary club membership with a value of more than $50 in any calendar year. This legislation was followed by a May 13, 2009 advisory letter regarding this legislation to federal judges from the Chair of the Committee on Codes of Conduct of the Judicial Conference of the United States, captioned "Restrictions on Honorary Club Memberships." This legislation and letter caused me to question for the first time whether the lunch arrangement at the Club constitutes a "gift" reportable on my annual Financial Disclosure Form. After careful consideration of the matter, I concluded in 2009 that, in the circumstances presented, reporting the arrangement may be appropriate.

Under the arrangement described above I was never a member or honorary member of the Club. Nor was I ever entitled to any of the usual perquisites of Club membership—e.g., the rights to have breakfast or dinner at the Club; provide lodging at the Club for guests; or use the banquet facilities of the Club. Because the luncheon arrangement described above was available to no other group or groups of persons, and was not available for purchase by any other group, neither the Club nor I were able to fix a "value" for the arrangement, much less the "fair market value" of the arrangement. Nevertheless, in the interest of completeness, and in light of the recent legislation and the guidance of the Committee on Codes of Conduct, I reported the arrangement in 2009 (with respect to Calendar Year 2008 and all earlier reporting years), despite the fact that I was unable to determine how a value on the arrangement can be determined and despite my inability to be certain of its reportability.

In any event, because of the impossibility of determining the value of this arrangement, I decided in 2009 to discontinue this limited association with the Club, effective on the date of the filing of the Financial Disclosure Form for 2008 (filed in 2009).

José A. Cabranes
U.S. Circuit Judge (Second Circuit)
May 13, 2010

FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2009

ATTACHMENT D

VIII.  Additional information or explanations.  (Indicate part of Report).

VII, 13:                         university pension plan since 1984.

VII, 15:                         cash value life insurance policy, which is part insurance and part investment, was obtained in 1998 and has been in effect since then.  Initially it had no reportable "investment value."  Value indicated refers to investment value of the policy as of December 31, 2009.

See also "Attachment C"